Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:  (702) 382-2101
Facsimile:   (702) 382-8135
Email: chumes@bhfs.com
       wnobriga@bhfs.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE ELECTRICAL WORKERS PENSION TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>MC4 CONSTRUCTION, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:24-cv-01338-APG-EJY<br><br>**JOINT MOTION FOR STAY** |

Plaintiffs, Boards of Trustees of the Electrical Workers Health and Welfare Trust and the Electrical Workers Pension Trust (the "Trust Funds"), through its counsel of record Brownstein Hyatt Farber Schreck, LLP, and Defendant MC4 Construction LLC ("MC4"), through its counsel of record Snell and Wilmer LLP, respectfully request this Court issue a stay so that the parties may explore a global resolution of the instant dispute.

**I.   Legal Argument.**

This dispute began with the Trust Funds bringing an equitable claim, among others, for the production of documents for a specific audit time period ending on September 30, 2022

("Audit Period"). After MC4 appeared in the action, it produced the relevant documents, which resulted in an audit being completed for the Audit Period addressing work performed by MC4's employees on a Nevada Department of Transportation ("NDOT") project.

At this point in the litigation, the parties have come to a tentative agreement regarding the contractual dispute and are attempting to negotiate a global resolution, as MC4 worked on the NDOT project after the Audit Period. To address this additional work on the NDOT project, MC4 is collecting additional certified payroll reports for the Trust Funds' auditor to evaluate and determine the amount of employee benefit contributions that the Trust Funds claim are owed.

As such, in an effort to conserve both judicial and the parties' resources, the parties jointly seek a stay in this actions to allow MC4 enough time to produce the requested documents, the Trust Funds' auditor enough time to review those documents and for the parties to be able to negotiate in good faith in hopes of coming to a final resolution to this dispute, addressing all of the Trust Funds' claims related to MC4's work on the NDOT project.

As this Court knows, it has "inherent authority to stay federal proceedings pursuant to its docket management powers." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). A court should, however, not entertain stays that "will result in irreparable injury and a miscarriage of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Ernest Bock*, 76 F.4th at 842) (quotations omitted).

None of the scenarios above are occurring here. The parties jointly request this stay to come to a global resolution. This stay would benefit both sides to this dispute and is why this request is jointly brought.

As such, the parties respectfully request that the Court grant a stay between the parties,

with status reports due every thirty (30) days. The parties also request that should one party desire to end the stay, that party may unilaterally file such a request with the Court at any time. Lastly, the parties are not seeking this stay for delay, but to engage in good faith negotiations that the parties are optimistic will fully resolve this dispute and conserve resources for all involved.

Dated: May 27, 2025

| SNELL & WILMER, LLP | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
|---|---|
| By: /s/ Paul S. Prior | By: /s/ Christopher M. Humes |
| Paul S. Prior, Esq.<br>NV Bar No. 9324<br>Theresa C. Trenholm, Esq.<br>NV Bar No. 16460<br>1700 South Pavilion Center Drive, Suite 700<br>Las Vegas, Nevada  89135 | Christopher M. Humes, Esq.<br>NV Bar No. 12782<br>William D. Nobriga, Esq.<br>NV Bar No. 14931<br>100 North City Parkway, Suite 1600<br>Las Vegas, Nevada 89106-4614 |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |

**O R D E R**

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** May 28, 2025

**Case No. 2:24-cv-01338-APG-EJY**