| | |
|---|---|
| 1 | Paul S. Prior |
|   | Nevada Bar No. 9324 |
| 2 | Theresa C. Trenholm |
|   | Nevada Bar No. 16460 |
| 3 | SNELL & WILMER L.L.P. |
|   | 1700 South Pavilion Center Drive |
| 4 | Suite 700 |
|   | Las Vegas, Nevada 89135-1865 |
| 5 | Telephone: 702.784.5200 |
|   | Facsimile: 702.784.5252 |
| 6 | Email: sprior@swlaw.com |
|   | ttrenholm@swlaw.com |
| 7 | |
| 8 | *Attorneys for Defendant MC4 Construction, LLC* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE ELECTRICAL WORKERS PENSION TRUST, | | Case No.: 2:24-cv-01338-APG-EJY |
| | | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| Plaintiffs, | | **(FOURTH REQUEST)** |
| vs. | | |
| MC4 CONSTRUCTION, LLC a Nevada limited liability company, | | |
| Defendant. | | |

     Defendant MC4 Construction LLC ("MC4") and Plaintiffs Boards of Trustees of the Electrical Workers Health and Welfare Trust and the Electrical Workers Pension Trust (the "Trust Funds"), through their respective undersigned counsel, hereby stipulate to extend the current discovery deadlines by sixty (60) days, pursuant to Local Rules IA 6-1, IA 6-2, and 26-3, as discussed below.

     The parties note that good cause supports this stipulation and extension, and that defendants' failure to act within the 21-day deadline described by LR 26-3 results from excusable neglect relating to factors outside of the parties' and counsels' control.

4910-0451-3414

**A. Discovery Completed**

1. On October 3, 2024, the Trust Funds served initial disclosures.

2. On October 4, 2024, MC4 served initial disclosures.

3. On November 20, 2024, the Trust Funds served their first requests for production of documents and first set of interrogatories.

4. On January 3, 2025, MC4 served responses to the Trust Funds' first sets of requests.

5. On January 6, 2025, MC4 served supplemental responses to the Trust Funds' first sets of requests.

6. On March 7, 2025, the Trust Funds issued a Notice of Taking the Deposition of the 30(b)(6) witness for MC4.

7. On March 14, 2025, after working with MC4 and its counsel to accommodate schedules, the Trust Funds issued an Amended Notice of Taking the Deposition of the Rule 30(b)(6) Witness for MC4.

8. On March 17, 2025, MC4 served its First Supplement to its Initial Disclosures, producing additional documents.

9. Also on March 17, 2025, MC4 served requests for the production of documents on the Trust Funds, notices of depositions for the Rule 30(b)(6) of the Trust Funds and an objection letter to the Trust Funds' deposition notice, requesting a meet and confer.

10. On March 19, 2025, MC4 issued third-party subpoenas duces tecum to six entities.

11. On March 21, 2025, counsel for the Trust Funds and MC4 met and conferred regarding MC4's objections to the Trust Funds' deposition notice, in which the parties were able to come to an agreement regarding the subject matter of the upcoming deposition.

12. On March 24, 2025, the Trust Funds served their First Supplement to their Initial Disclosures, producing additional documents.

13. On March 27, 2025, the Trust Funds served their Second Supplement to their Initial Disclosures, updating their calculation of damages.

14. On May 28, 2025, the Court entered a stay, as requested by the parties, so that the parties could attempt to come to a resolution regarding the instant dispute.

4910-0451-3414

15. On June 13, 2025, MC4 served its Second Supplement to its Initial Disclosures, producing additional documents.

16. On July 11, 2025, the Trust Funds served their Third Supplement to their Initial Disclosures, producing additional documents.

17. On November 13, 2025, the parties informed the Court that resolution could not be reached and requested that the stay be lifted and discovery resume.

18. On November 21, 2025, the Trust Funds served their Second Request for Production of Documents.

19. On November 17, 2025, the Trust Funds served their Fourth Supplement to their Initial Disclosures, producing additional documents.

20. On December 18, 2025, the Trust Funds served responses to MC4's requests for production of documents.

21. On December 30, 2025, the Trust Funds served their Fifth Supplement to their Initial Disclosures, identifying additional witnesses.

**B. Discovery Remaining**

1. MC4 awaits the responses of several non-party subpoenas issued prior to the entering of the stay, including those issued to:

   a. Nevada Department of Transportation. Counsel from the Attorney General of Nevada's office has represented that NDOT would respond to the requests sometime in January.

   b. Kiewit Infrastructure West Co.

   c. Nevada Contractors Association

   d. United Construction Industry Council

   e. IBEW Local Union #357

2. Plaintiffs:

   a. Plaintiffs propounded their second requests for production of documents, relating to the certified payroll reports for the construction project central to this lawsuit. Defendant's response is forthcoming.

- 3 -

3. Defendant:

    a. Defendant intends to take the deposition of a representative for Berry & Company CPAs, a witness identified by Plaintiffs in their Fifth Supplemental Disclosure on December 30, 2025.

    b. Defendant intends to serve its Third Supplement to its Initial Disclosures, producing additional documents relating to the completion of the construction project central to this lawsuit.

    c. Defendant intends to remind the third-parties that have not responded to the subpoenas duces tecum regarding their obligation and request timelines for those parties to follow up.

4. This recitation of remaining discovery is not necessarily all-inclusive but rather informs the Court of additional discovery that remains to be completed as required by LR 26-3. There may be additional discovery tasks not yet contemplated by the Parties in this Stipulation that the Parties deem necessary.

**C. Reason for Extension**

Although this request is made beyond the 21-day deadline dictated by Local Rule 26-3, the timing of this request was the result of excusable neglect. The parties failed to move for an extension prior to that 21-day deadline as a result of several unforeseen circumstances, which arose without fault of either party or their counsel.

First, and most critically, construction on the NDOT project underlying the Trust Funds' claims in this lawsuit was delayed and took longer than expected, running into the final days of 2025. The alleged damages in this case rely upon final calculations of benefits allegedly owed by MC4 relating to the project. Consequently, many discovery tools—such as third-party subpoena responses, taking of certain depositions, and propounding additional written discovery—had to be delayed until after the project was completed.

Second, the parties were actively working toward settlement in this matter (and continue to attempt to reach resolution) and had believed that settlement would be possible in 2025. When the

parties' settlement efforts concluded, the parties immediately attempted to complete discovery prior to the current discovery deadline.

Third, MC4 has experienced repeated and unforeseeable delays in obtaining responses to the subpoenas issued to the non-parties described above, section B. These entities, some public and others private, have encountered various issues and have yet to respond to the subpoenas. The parties have been unable to proceed in ascertaining certain facts until the non-parties respond.

Finally, the holiday season and new year have exacerbated the delays with respect to the above-mentioned factors. The project completion occurred during late December, and several critical witnesses and custodians of documents have been occupied with family, travel, or other work duties. As a result of these circumstances, the parties did not seek to extend the discovery period earlier and believe that their neglect in doing so is excusable. The parties have worked together in good faith to remedy the error in failing to submit this Stipulation before the 21-day cutoff. The parties now respectfully submit this stipulation and proposed order.

**D. Proposed Schedule**

| **Description** | **Current Deadline** | ~~**Proposed**~~ **Deadline** |
|---|---|---|
| Close of Discovery | January 16, 2026 | February 16, 2026 |
| Dispositive Motion Deadline | February 16, 2026 | March 16, 2026 |
| Pretrial Order Due | March 16, 2026 | April 16, 2026 |

In the event that dispositive motion(s) are filed, the date for filing the joint pretrial order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court.

To the extent that a status conference would aid the parties and the Court in finalizing an orderly schedule for the completion of discovery, the parties also agree to the setting of such a conference.

/ / /

**IT IS SO STIPULATED.**

Dated: January 6, 2026.

SNELL & WILMER L.L.P.

By: */s/ Paul S. Prior*
Paul S. Prior
Theresa C. Trenholm
1700 South Pavilion Center Drive
Suite 700
Las Vegas, Nevada 89135-1865

*Attorneys for Defendant
MC4 Construction, LLC*

Dated: January 6, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Christopher M. Humes*
Christopher M. Humes
William D. Nobriga
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

*Attorneys for Plaintiffs*

## ORDER

Upon stipulation of the Parties, good cause appearing therefor, and justification of the excusable neglect of the Parties in bringing their stipulation within the 21-day period contemplated by LR 26-3:

**IT IS HEREBY ORDERED** that the close of discovery be extended and relevant deadlines be set as follows:

The close of discovery is set for February 16, 2026.

Dispositive motions shall be due by March 16, 2026.

The pretrial order shall be due by April 16, 2026, or upon further order of the Court.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Date: January 7, 2026

- 6 -

4910-0451-3414